IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS MONZON,        ) | |
| ) | Civil Action No. |
|   Plaintiff,        ) | |
| v.        ) | |
| ) | JURY TRIAL DEMANDED |
| SUNBELT RENTALS, INC.,        ) | |
| ) | |
|   Defendant.        ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Douglas Monzon (Plaintiff") and files this Complaint against Defendant Sunbelt Rentals, Inc. ("Defendant"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From on or about July 2017 to October 2019, Plaintiff was employed by Defendant as a dispatcher. From October 2019 to now, Plaintiff has been employed by Defendant with the job tittle "account representative".

7.

In both the dispatcher and account representative positions, Plaintiff has regularly worked more than 40 hours in given workweeks and been paid a salary, without overtime compensation, calculated at one and one half times his regular rate.

8.

Plaintiff's primary duty in the dispatcher position was tasks involved in providing dispatching services and not work directly related to the management or general business operations of Defendant or its customers. Plaintiff's primary duty also did not constitute management of the enterprise or a recognized subdivision thereof.

9.

Plaintiff's primary duty in the account representative position has been discretion lacking inside sales and customer service work. Plaintiff's primary duty in the account representative position is not work directly related to the management or general business operations of Defendant or its customers. Plaintiff's primary duty in this position does` not constitute management of the enterprise or a recognized subdivision thereof.

10.

Plaintiff has been an "employee" of Defendant, as that term has been defined by the FLSA.

11.

Throughout his employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work.

12.

Throughout Plaintiff's employment in the dispatcher and account representative positions, including the period in which Plaintiff was employed by Defendant in the three years preceding the filing of this Complaint (the relevant statutory period), Plaintiff regularly worked more than 40 hours in given workweeks without overtime compensation.

13.

Defendant is an "employer" as that term has been defined by the FLSA.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year and Defendant's gross revenues exceeded $500,000 in 2016, 2017, 2018, 2019 and 2020.

15.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

16.

Defendant is governed by and subject to the FLSA.

17.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

18.

Defendant has misclassified Plaintiff as exempt from overtime.

## Count I

## Violations of the Fair Labor Standards Act.

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

23.

Defendant's violation of the FLSA was willful, thus entitling Plaintiff to a three-year statute of limitations.

### IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 21st day of June, 2021.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309

(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com